FILED
COURT

2012 APR -3 PM 1·54

COURT

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOHN A. SANTOS, | DOMESTIC CASE NO. DM0537-08 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| RENEE LYNN QUINTANILLA, nka RENEE CORPUZ, | |
| Defendant. | |

## INTRODUCTION

This Decision and Order is issued following the Plaintiff's submission of an *ex parte* motion to "re-open" this case. This motion was originally filed on February 24, 2012, but was unaccompanied by either a CVR Rule 7.1.1 Declaration, or an Agreement of Hearing Date Form as required by CVR Rule 7.1(b). Accordingly, this "motion" was improperly filed.

To show compliance with the Local Rules of the Superior Court of Guam, Plaintiff is subject to CVR Rule 7.1.1, which governs *ex parte* applications. This rule reads in relevant part:

> Applications for ex parte orders shall be accompanied by a memorandum containing the name of counsel for the opposing party, if known, the reasons for the seeking of an ex parte order, and points and authorities in support thereof . . . .(a) Declaration of Counsel. It shall be the duty of the attorney so applying to file a declaration containing the following: (1) that a good faith effort has been made to advise counsel for all other parties, if known, or the parties themselves, if

counsel is not known, of the date, time, and substance of the proposed ex parte application or the reasons supporting the claim that notice should not be required, and (2) the efforts to contact other counsel or the parties and whether any other counsel or party, after such advice, opposes the application or has requested to be present when the application is presented to the court, and if not filed in accordance with subsection (j) of this rule, reasons why the ex parte application has not been timely filed.

Local Rules of the Superior Court of Guam, CVR Rule 7.1.1 (2012).

In his moving papers, the Plaintiff alleges no compliance with CVR 7.1.1, and ignores all of its requirements. Plaintiff submitted a memorandum of points and authorities, but failed to name opposing counsel, or state the reasons that this motion was filed *ex parte*. Plaintiff further failed to submit a declaration of counsel stating whether a good faith effort had been made to advise opposing counsel or parties of the motion, stating a reason that opposing counsel or parties should not be notified of the motion, or stating whether opposing counsel or parties would oppose this motion. Accordingly, the Court DENIES hearing this motion on an *ex parte* basis.

As a regular motion, the motion is subject to CVR 7.1(b) of the Local Rules of the Superior Court of Guam, which states in relevant portion: "Every motion shall be presented in writing. The moving party must present a motion, which will contain the date on which the motion will be heard, as provided for in CVR Rule 7.1(e)(2)." CVR Rule 7.1(b)(2012).

Pursuant to CVR 7.1(e)(2):

Counsel for the parties must file an "Agreement of Hearing Date," in a form shown below in Attachment "CVR7.1A." It shall be the responsibility of the moving party or his attorney to contact the attorney for each party who has entered an appearance . . . and propose a date for oral argument. Once the parties have agreed on a date for oral argument, the moving party shall clear the date with the chambers clerk. When the date has been cleared with the clerk, that date shall be inserted in the "Agreement of Hearing Date." If the parties do not agree on a date for oral argument or if a party has not entered an appearance, the moving party may submit the "Agreement of Hearing Date" to the Court with a notation that the non-moving party does not agree or is not available, in which event the

Court shall either determine the hearing date or determine that no oral argument shall be scheduled and the motion shall proceed to briefing and disposition under CVR 7.1(e)(4), in the Court's discretion.

Local Rules of the Superior Court of Guam, CVR Rule 7.1(e)(2)(2012).

Under the Local Rules currently in effect, a party may not file a motion until the party has contacted all parties involved in the case, agreed upon a hearing date for that particular motion, cleared the hearing date with the chamber clerk, and then, inserted the date into an "Agreement of Hearing Date" to be filed with the motion.

In this case, the moving party failed to submit an Agreement of Hearing Date form.

Under the Local Rules of the Superior Court of Guam, it is no longer the Court's duty to propose the date of oral argument for any motion. CVR Rule 7.1(e)(2) clearly and unambiguously places the "responsibility" of determining a motion hearing date on "the moving party or his attorney," however, the Court must still approve the date. CVR Rule 7.1(e)(2)(2012). The moving party must propose and agree upon a date for hearing with the opposing party, contact the chamber clerk with the date, receive approval of the date by the chamber clerk, and submit that date with any motion filed, at which point, the motion will be scheduled for that date. In submitting this motion, the Plaintiff did not clear any hearing date for this motion with opposing counsel or the Court's Chamber Clerk, nor did he include any proposed hearing date at all.

Upon the submission of such a non-conforming motion, the Court has the option to determine that no oral argument hearing is necessary, and may decide not to schedule hearing for oral argument under CVR Rule 7.1(e)(3) and (4). If the Plaintiff desires a hearing to present oral argument, the Plaintiff must include a date certain for the hearing with the motion, which date has been approved by opposing counsel and the Court's chamber clerk; otherwise, the

Court is under no obligation to hold a hearing on the motion. CVR Rule 7.1(b), (e)(2), (e)(3), and (e)(4)(2012).

The Local Rules have been in effect for nearly five years, since their adoption on June 1, 2007. CVR Rules 7.1(b) and (e)(2) were part of those original rules, and have remained unchanged since their adoption. There is no longer any reason for any party to any action to fail to submit to the Court an Agreement of Hearing Date form which fully complies with the local rules as part of any motion filed.

The motion filed by the Plaintiff does not comply with the mandates of CVR 7.1. Under CVR 7.1(k), "[t]he Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule," and "the failure to comply fully with this Rule subjects the offender at the discretion of the Court to the sanctions of General Rule 2.1." CVR 7.1(k)(2012). Sanctions under General Rule 2.1 include "attorneys' fees," and "monetary sanctions." GR 2.1(2012). The Court is not required to consider or hold hearings on any motions that do not fully comply with CVR 7.1, and may, in fact, sanction an attorney for the failure to comply with the rule.

Although the Court could refuse to consider the motion, and could sanction the Plaintiff for his failure to comply with the rules, the Court will instead determine the motion to "re-open" the case in an exercise of its discretion. However, as the Plaintiff has filed a motion and an Agreement of Hearing Date Form which does not comply with the rules, the Court will determine this motion without oral argument as set forth in CVR Rule 7.1(b), (e)(2), (e)(3), and (e)(4)(2012). Further, based on the following analysis, the Court finds that the filing of an opposition or a reply concerning whether the Court has jurisdiction to "re-open" this case in

order to hear the parties regarding modification of a child-custody determination is unnecessary and would waste judicial time and resources under the particular circumstances of this case.

## DISCUSSION

This case was originally filed by the Plaintiff on August 25, 2008, as a Complaint for Custody and Visitation. After determining that it had jurisdiction over this action, on March 24, 2009, the Court ordered a temporary visitation schedule between the parties regarding their minor child, D.J.M., DOB: 04/28/2006. Accordingly, the Court begins its analysis of whether it may "re-open" this case with 7 GCA § 39202, which is part of the Uniform Child Custody Jurisdiction Act (UCCJEA). This statute is entitled, "Exclusive, Continuing Jurisdiction." It states in its first subsection:

> (a) Except as otherwise provided in section 204, *a court of Guam which has made a child-custody determination consistent with sections 201 or 203 has exclusive, continuing jurisdiction over the determination* until:
> (1) a court of Guam determines that neither the child, the child's parents, and any person acting as a parent do not have a significant connection with Guam and that substantial evidence is no longer available in Guam concerning the child's care, protection, training, and personal relationships; or
> (2) a court of Guam or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in Guam.

7 GCA § 39202(a)(2012).

Under the UCCJEA, a "'Child-custody determination' means a judgment, decree, or other order of a court providing for the legal custody, physical custody, *or visitation* with respect to a child. *The term includes a* permanent, *temporary*, initial, and modification *order. . .* ." 7 GCA § 39102 (3)(emphases added).

In this case, although the issue of custody was never determined, the Court issued a temporary order regarding visitation with respect to the parties' minor child. Accordingly, the

Court has continuing, exclusive jurisdiction over any child custody action involving the minor until some intervening act divests the Court of jurisdiction. *See* 7 GCA § 39202(a)(1) and (2).

Under the UCCJEA, a child-custody determination is final, however, there is an exception to this finality for modification motions, as stated under 7 GCA § 39106:

> A child-custody determination made by a court of Guam that had jurisdiction under this Act binds all persons who have been served in accordance with the laws of Guam or notified in accordance with subsection 108 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to those persons, *the determination is conclusive* as to all decided issues of law and fact, *except to the extent the determination is modified.*

7 GCA § 39106 (2012)(emphases added).

"'Modification' means a child-custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination." 7 GCA § 39102 (11). Therefore, under the UCCJEA, once a Court has made a child-custody determination, the Court retains jurisdiction over those child-custody determinations, even though conclusive, in order to modify those determinations when and if necessary.

In this case, the Court issued a dismissal of the action after the Plaintiff failed to prosecute the issue of custody, as raised in his complaint, for almost two years. However, as it is clear that the Court retains jurisdiction to make modifications of previous child-custody determinations.

GRCP Rule 60(b) provides in relevant part:

> Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

GRCP Rule 60(b)(6)(2012).

Rule 60(b)(6) may be used to relieve a party from an order for any justifying reason which falls outside the scope of subsections one (1) through five (5). Pineda v. Pineda, 2005 Guam 10 ¶ 20; and Brown v. Eastman Kodak Co., 2000 Guam 30 ¶ 14. Additionally, motions made under subsection six (6) must be made within a reasonable time after the order or judgment. GRCP Rule 60(b). In this case, Plaintiff's motion was filed within one year of the entrance of the Court's December 7, 2011, dismissal, and within three months of the last plea of guilty to a misdemeanor crime of child abuse entered by the Defendant's current husband. The Court finds that the motion is therefore timely under Rule 60(b)(6).

The Supreme Court has observed that "Rule 60(b)(6) 'provides for extraordinary relief and requires a showing of exceptional circumstances.'" Parkland Development, Inc. v. Anderson, 2000 Guam 8 ¶ 7 (citing Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 609 (7th Cir. 1986)); see also Merchant v. Nanyo Realty, 1998 Guam 26 ¶ 9; and United States v. Alpine & Reservoir Co., 984 F.2d 1047 (9th Cir.1993).

Of foremost importance to the Court in deciding this issue under Rule 60(b)(6) are the Plaintiff's allegations of exceptional circumstances. Plaintiff has attached a declaration to his motion which contains assertions that the Defendant currently has physical custody of the minor child, D.J.S., DOB: 04/28/2006, and that Defendant's current husband has recently been convicted of multiple counts of the crime of child abuse. The Plaintiff has further attached copies of the plea agreements which evidence these convictions, and also evidence the fact that these convictions occurred after the Court dismissed this case. The Court finds that these allegations and the evidence of the possible danger of future child abuse constitute extraordinary circumstances which warrant relief from the dismissal of this case under Rule

60(b)(6), such that the Court may "re-open" the case in order to consider a modification of child custody.

CONCLUSION

After considering the motion, the Court finds that it has exclusive, continuing jurisdiction over child-custody determinations regarding the minor child, D.J.S., DOB: 04/28/2006. Further, extraordinary circumstances exist upon which to allow a hearing on the modification of child custody. Based upon the foregoing, the Motion to "re-open" the case is GRANTED, and the Order of Dismissal of January 24, 2011, is VACATED pursuant to GRCP Rule 60(b)(6). The Defendant is ORDERED to submit an opposition, if any, to the modification of the Court's March 24, 2009, temporary order on or before MAY 0 9 2012 . The Plaintiff is ORDERED to submit a reply, if any, on or before MAY 2 3 2012 . The Court will hear arguments as to the modification of the Court's March 24, 2009, temporary order on JUN 0 6 2012 .

**IT IS SO ORDERED** this APR 0 3 2012 .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam